In the Matter of the Claim of CARMEN RAMOS et al., Respondents, against WOLF DIE CUTTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, granting

death benefits to the widow and a dependent child of the decedent Manuel Ramos. The decedent in the course of his employment on June 13, 1949 slipped and fell, striking his head against a machine. His head was cut and thereafter he complained of headaches and dizziness. He returned to work in two weeks but stopped after two months because of the persistent pains in his head. The decedent was admitted to the hospital in May, 1953 and he remained there until his death on March 2, 1955. The diagnosis at the time of his admittance to the hospital was psychosis with cerebral arteriosclerosis. On the certificate of death the cause of death was stated as arteriosclerotic heart disease and generalized arteriosclerosis. The condition of psychosis with cerebral arteriosclerosis was stated to be noncontributory. It is clear that before the accident in 1949 the decedent had a generalized arteriosclerotic condition. The referee found causal relationship between the accident and the death and accordingly granted an award of death benefits. The board on review affirmed stating that the accident: "aggravated a pre-existing generalized arteriosclerosis so as to precipitate a psychosis which was a factor in and which hastened his death on March 2, 1955, and was causally related thereto." The appellants maintain that there is no substantial medical evidence to support the finding of causal relationship and this is based in part on the death certificate which stated that the condition of psychosis with cerebral arteriosclerosis was noncontributory. Dr. Schein from the hospital, testifying as to the death certificate, said that the psychosis condition was indirectly contributory in that it hastened the decedent's death. The doctor who made out the death certificate did not testify so that his reasons for saying that the condition of psychosis with cerebral arteriosclerosis was noncontributory are unknown. Appellants claim that when decedent was admitted to the hospital the diagnosis of psychosis with cerebral arteriosclerosis made no reference to the accident of 1949, and that the only substantial medical evidence could come from the records of the hospital where the decedent was for a period of about two years before his death. However, the hospital filed a form C-64 after the decedent's death which stated that the injury was a precipitating factor of the death. There was also a report made by a physician from the hospital on February 3, 1955, in support of an application for the reopening of the claim, which stated that the accident was considered a precipitating factor in the condition of the decedent. It would appear, therefore, that the records of the hospital presented a conflict and a question of fact which the board was free to resolve in favor of the claimants, as it did. As to the actual testimony, it is clear that there was substantial medical evidence to support the board's decision. Three doctors testified for the claimant that there was a causal relationship between the accident which the decedent sustained in 1949 and the psychosis which they felt aggravated his underlying condition of arteriosclerosis and precipitated his death. Two doctors testified on behalf of the appellants that there was no connection between the accident and the decedent's death. This medical dispute presented a question of fact and in our view there was substantial evidence to sustain the decision and award made by the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.